IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FORD MOTOR CREDIT COMPANY LLC, | ) | |
|---|---|---|
| | ) | |
| | ) | Civil Action No. 09-1601 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| EDWARD A. ESPOSITO AND | ) | |
| CYNTHIA L. BEAN | ) | ECF No. 28 |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiff Ford Motor Credit Company LLC's, ("Ford Credit") Motion to Strike Defendant Edward A. Esposito's ("Esposito") Demand for a Jury Trial (ECF No. 28). For the reasons set forth bellow, Plaintiff's Motion is denied.

**I. Factual Background**

Ford Motor filed this lawsuit against Defendants Esposito and Cynthia L. Bean ("Bean") to enforce its rights under personal guaranties that were executed by Defendants in which they agreed to guaranty certain indebtedness owed to Plaintiff by Vintage Ford-Mercury, Inc. ("Dealer"). Plaintiff also seeks to recover damages against Defendants for their breach of the guaranties. (Compl. ¶1.) Plaintiff Ford Credit effectuated service of the Complaint on Defendants on December 17, 2009. (Return of Summons, December 21, 2009, ECF Nos. 7and 8.)

Esposito filed an Answer to the Complaint and a Crossclaim against Bean on January 4, 2010. (Def.'s Answer to Pl.s' Compl., January 4, 2010, ECF No. 12.) However, Bean failed to file any answer to either the Complaint or the Crossclaim. On May 11, 2010, before the Clerk of Court ("Clerk") entered a default judgment against Bean, Esposito filed a

1

demand for a jury trial. (Def.'s Jury Trial Demand, ECF No. 18.) Plaintiff subsequently requested an entry of default judgment against Bean and the Clerk entered a judgment, on May 26, 2010, against Bean in favor of Plaintiff in the amount of $487,751.10. (Clerk's Entry of Default J., May 26, 2010, ECF Nos. 22-26.)

On July 5, 2010, Plaintiff moved to strike Esposito's demand for a jury trial arguing that his demand was not timely under Rule 38(b) of the Federal Rules of Civil Procedure and therefore had been waived. (Mot. to Strike Jury Trial Demand, ¶¶ 8-9, & Br. in Supp. 4, July 5, 2010, ECF Nos. 28-29.) On July 12, 2010, Esposito filed a response and supporting brief in opposition to Plaintiff's Motion to Strike Jury Trial Demand (ECF Nos. 30-31). Plaintiff requested leave to file a reply in further support of its Motion to Strike and in particular to respond to Esposito's Rule 39(b) argument. (ECF No. 33.) This Court granted the request and Plaintiff filed its Reply to the Response ("Reply").

## II. Legal Analysis

The right to trial by jury is guaranteed by the United States Constitution and the Federal Rules of Civil Procedure. U.S. Const. Amend. VII; Fed. R. Civ. P. 38(a); see also Rise v. Barley, Snyder, Senft & Cohen LLC, No. 05-CV-01651, 2008 WL 859238 at*3 (E.D. Pa. Mar. 27, 2008). Rules 38 and 39 of the Federal Rules of Civil Procedure govern the right to a jury trial. Rule 38 states in relevant part:

> **(b) Demand**. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).
>
> **(d) Waiver; Withdrawal**. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed.R.Civ.P. 38(b) and (d). As indicated by Rule 38(b), a party requesting a jury trial must make a timely demand for jury trial within fourteen (14) days after the service of the last pleading that addresses the issue by filing it in accordance to Rule 5(d). Fed. R. Civ. P. 38(b); see also Rise, 2008 WL 859238 at *4. Failure to properly demand a jury trial constitutes a waiver of that right. Fed. R. Civ. P. 38(d); see also Rise, 2008 WL 859238 at *4.

As defined in Rule 7(a) of the Federal Rules of Civil Procedure, a pleading includes (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a crossclaim, (5) a third-party complaint, (6) a third-party answer, and (7) if the court orders one, a reply to an answer. Thus, for purposes of Rule 38(b), the term "last pleading" means the answer to a complaint or reply to a counterclaim or crossclaim that contests the issue and was last filed. Blue Mountain Env't Mgmt. Corp. v. Chico Enter., Inc., No. 01-460, 2006 WL 3053486 at *2 (W.D. Pa. October 25, 2006); Fed. R. Civ. P. 7(a).

Importantly for the case at hand, where there are multiple parties, the last pleading by any party on a common issue will determine the time for making a jury demand and must be served no later than fourteen (14) days after the last answer or pleading is filed. Cardio-Med. Assoc. v. Crozer-Chester Med. Ctr., 95 F.R.D. 194, 196 (E.D. Pa. 1982); see also Kaiser Steel Corp. v. Frates, 911 F.2d 380, 388 (10th Cir. 1990) (citing 9 C. Wright and A. Miller, Federal Practice & Procedure § 2320 at 91-92 (1971)).[1] Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 416 (5th Cir. 2002); Frederick v. Mediacom Southeast, L.L.C., No. 05-0212-HB-D, 2005 WL 1950099 at *2 (S.D. Ala. Aug. 12, 2005);

Rule 39(b) of the Federal Rules of Civil Procedure governs when a party fails to demand a jury trial in a timely fashion. That rule states as follows:

> **(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the

---

[1] The same information can be found in the Current edition at 9 C. Wright and A. Miller, Federal Practice & Procedure § 2320 at 238 (3d ed. 2008).

3

> court may, on motion, order a jury trial on any issue for which
> a jury might have been demanded.

Fed. R. Civ. P. 39(b). Thus, when a party has not made a timely demand under Rule 38(b), this rule allows that party to file a late demand for jury trial, which may be granted in the discretion of the court. Fed. R. Civ. P. 39(b); Wilkins v. Zimmerman, No. 86-6487, 1990 U.S. Dist. LEXIS 11925 at *2(E.D. Pa. Sept. 7, 1990); Rise, 2008 WL 859238 at *4; Cimildoro v. Metro. Prop. & Cas. Ins. Co., No. 09-1907, 2010 WL 891838 at *8-9 (E.D. Pa. Mar. 8, 2010). The court of appeals for this circuit has directed lower courts to consider a five factor balancing test in deciding whether to exercise its discretion under Rule 39(b) and grant an untimely demand for a jury. Those factors are: "(1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand." Infinity Group, 212 F.3d at 196; see also Rise, 2008 WL 859238 at *4; Cimildoro, 2010 WL 891838 at *8. Courts generally will not grant a Rule 39(b) motion if the only reason for the delay in making a demand for a jury trial is "inadvertence or oversight." Cimildoro, 2010 WL 891838 at *9; see also Rise, 2008 WL 859238 at *7-8.

Plaintiff argues that Defendant Esposito's Demand for a Jury Trial should be stricken because Esposito failed to timely request a jury trial when he failed to include such demand in his answer and failed to file a demand within fourteen (14) days after filing his answer. Therefore, Plaintiff contends that Esposito waived his right to a jury trial.

In support of its position, Plaintiff primarily relies on Gonzalez v. Old Kent Mortgage Co., No. 99-5959, 2000 WL 1230460 (E.D. Pa. Aug. 16, 2000); Carey v. Foster Wheeler Corp., No. 89-325, 1990 WL 86098 (D.N.J. June 20, 1990); Cardio-Medical Association v. Crozer-Chester Medical Center., 95 F.R.D. 194 (E.D. Pa. 1982); and Cimildoro v.

Metropolitan Property & Casualty Insurance Co., No. 09-1907, 2010 WL 891838 (E.D. Pa. Mar. 8, 2010).

Defendant Esposito relies on rule 38(b) and an order entered by Judge McVerry on May 11, 2010 to support his position. He argues in his Response in Opposition to Plaintiff's Motion to Strike Jury Trial Demand that he properly filed and served a demand for a jury trial. First, Esposito argues that the pleadings had not yet closed when he requested a jury trial because Co-Defendant Bean had not yet filed an answer or response to Plaintiff's Complaint or Crossclaim and Plaintiff had not yet taken any action to obtain a default judgment against Bean.

Second, he argues that Judge McVerry ordered on March 11, 2010 that "All parties shall file a stipulation as to whether they are willing or not to proceed to trial with a jury before a Magistrate Judge on or before May 11, 2010," and this order in effect extended the time by which to make a demand for a jury trial to May 11, 2010.[2] Alternatively, Esposito argues that his demand for a jury trial should not be stricken because pursuant to Rule 39(b), the Court, in its discretion, may and should allow his request for a jury trial. This Court grants Esposito's demand for a jury trial to stand for the reasons set forth below.

In Cardio-Medical, the court held that when there are multiple defendants, the fourteen (14) day period does not run until the filing of the pleading of the last defendant, which is typically an answer or, as in this case, an answer to a crossclaim. 95 F.R.D. at 196. See Fed. R. Civ. P. 7(a). Thus, in that case, where one defendant had filed its answer on August 24, and another had filed on October 29, the Court held that plaintiffs did not have to serve their demand for a jury trial until November 11, 1982.[3]

---

[2] Esposito misreads Judge McVerry's order. The order does not mean that the court has extended the deadline for a jury trial demand, which is established in the Federal Rules. Rather, the district court meant that the parties should consent to a magistrate judge's jurisdiction by May 11, 2010.

[3] Plaintiffs did not, however, serve and file their demand for a jury trial until May 13, 1982, six months after the last day allowed for filing and serving their demand for a jury trial.

In the present case, Esposito has filed his demand prior to the filing of the last answer of his Co-Defendant, Bean, and thus his demand for a jury trial is timely. A review of the record shows that at the time Esposito filed his demand for a jury trial on May 11, 2010, Bean had not yet filed her answer to the Plaintiff's Complaint, or to Esposito's Crossclaim. The pleadings therefore had not yet closed and Esposito's demand for a trial by jury is timely within the meaning of Rule 38(b) of the Federal Rules of Civil Procedure.

Ford Credit's reliance on Cardio-Medical is misplaced. Although cited for the proposition that "[w]here, as here, the only relevant pleadings in a case are the complaint and the answer, the demand for a jury trial must be served no later than 14 days after service of the answer", it failed to note that the court in that case also held that when multiple defendants are named in a lawsuit, the fourteen (14) day period does not begin to run until the filing of the answer of the last defendant. 95 F.R.D. at 196.

Ford Credit acknowledges this in its Reply. It cites to Douglas v. Burroughs, 598 F. Supp. 514 (N.D. Ohio 1984) regarding the issue of last pleading. In Douglas, plaintiff sued a number of defendants for evicting her in violation of the Housing Act and the Constitution. The court held that where there are multiple defendants the service of the last pleading triggers the 14 day period to run against the party demanding jury trial. Thus, the court found that Defendant Burroughs' demand for a jury trial on July 29 was timely when the last pleading was filed on July 22, 1983.

Given this combination, Ford Credit appears to be arguing from Cardio-Medical and Douglas that because Defendant Bean *never* filed a pleading (and thus subsequently had a default judgment entered against her), the jury trial demand expired 14 days from the date of Esposito's answer. The more logical course would be to hold that so long as a defendant remains in a case, and has not been removed by default judgment or otherwise, its failure to

6

file a pleading extends the deadline for all parties to demand a jury trial until 14 days after its pleading or it is removed.

The remaining cases cited by Plaintiff Ford Credit are factually distinguishable from the case at bar. In Gonzalez, Carey and Cimildoro, the plaintiffs failed to demand a timely jury trial in their original complaint, or within fourteen (14) days of the answer, and thus waived the right to a jury trial. Plaintiffs in those cases subsequently filed amended complaints, in which they requested a jury trial. They argued that the amended complaint revived their untimely right to demand a jury. The courts in those cases denied plaintiffs' motion for a jury trial, reasoning that amending a complaint without adding any new issue did not revive parties' untimely demand for a jury trial. In contrast here, Esposito did file a request for a jury trial prior to the filing of the last named Defendant, as is permitted under Cardio-Medical.

Alternatively, Defendant Esposito argues that even if his demand for a jury trial is untimely and he has ultimately waived his right, Rule 39(b) permits him to file a motion for a jury trial, which the Court, in its discretion, after considering a number of relevant factors, may grant. To support his argument Esposito relies on the text of the Rule 39(b) and cites to these cases: Infinity Group, supra (setting forth the five factor test to be considered by lower courts); Wilkins v. Zimmerman, No. 86-6487, 1990 U.S. Dist. LEXIS 11925 at *2 (E.D. Pa. Sept. 7, 1990) (granting jury trial demand pursuant to Rule 39(b) where no prejudice to opposing party and no delay of trial was found); and Baker v. Chrysler Corp., No. 91-7092, 1993 U.S. LEXIS 727 at *29-30 (E.D. Pa. Jan. 25, 1993) (holding that Rule 39(b) does not require defendant to have adequate excuse before the court exercises its discretion in granting a jury trial under 39(b)). Esposito submits that when this Court considers the five factor test, in its discretion, it should grant his demand for a jury trial because all of the factors are satisfied.

In its Reply, Plaintiff argues that Esposito has failed to address the multiple factors considered by the court under Rule 39(b) and thus does not merit the exercise of the Court's discretion. In fact Esposito *does* address the factors, albeit in summary form towards the end of its Brief in Support of Response in Opposition to Plaintiff's Motion to Strike Jury Trial Demand, and Plaintiff does not respond to them or discuss the factors other than by way of blanket insistence that Esposito has not satisfied its burden.

Applying the five factor test to the facts of this case, all of the criteria lie in Esposito's favor. The first factor is whether the issues are suitable for a jury. It appears from a wide range of jurisprudence that breach of a personal guarantee and awarding of damages claims are usually tried by a jury. Esposito has argued this factor properly in his Brief in Support of Response in Opposition to Plaintiff's Motion to Strike Jury Trial Demand. The second factor is whether granting the motion would disrupt the schedule of the court or the adverse party. This Court finds that the schedule of the court and the adverse party will not be disturbed as a result of granting a jury demand as no trial date has been set, discovery is just now concluding and no dispositive motions have been filed. Therefore, the second factor weighs in favor of Esposito.

In regard to the third factor, whether prejudice will result to the adverse party, the Court sees no prejudice in granting Esposito's motion for a jury trial, and none was argued by Plaintiff in its briefs. The fourth factor is whether Esposito delayed in bringing the motion. This Court is not convinced that Esposito delayed in bringing his motion. As stated above, Esposito timely requested a jury trial because Esposito filed his Demand for a jury trial before the last pleading was filed by Bean. Also, Esposito filed his Demand before any default judgment was entered against Bean for her failure to file an answer to the complaint. Therefore, this Court is not convinced that any delay occurred in bringing the motion. Finally, the last factor is whether Esposito has provided any reason for the failure to file a

timely jury demand. Given the Court's conclusion at the time Esposito filed his demand for a jury trial, the last pleading was not filed and the pleadings were not closed. The request for a jury trial was timely under 38(b). Therefore, the fifth factor is not even implicated. Accordingly, because Esposito has met all five criteria, this Court, in its discretion, in the alternative, allows Esposito's Demand for a Jury Trial to stand under Rule 39(b).

Therefore, in consideration of the motions and briefs, and responses thereto, the following order is entered:

**AND NOW,** this 1st day of September, 2010,

**IT IS HEREBY ORDERED** that Plaintiff Ford Motor's Motion to Strike Esposito's Demand for Jury Trial (ECF No. 28) is **DENIED.**

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Cc: Counsel of Record